On Rehearing
JANVIER, Judge.
When this matter was first before us we thought that the facts shown were so similar to those which the Supreme Court had considered in Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695, that we were required to follow the reasoning of that opinion which we interpreted as holding that, since the injured employee was at least partially disabled at the time he was discharged as able to return to work and all compensation payments were discontinued, the discontinuance of those payments, as stated by the Supreme Court in that case, was indefensible.” However, the real question which was presented there in connection with the claim for penalties, which are provided in certain instances by the insurance penalty statute, LSA-R.S. 22:658, was not whether, under the circumstances shown, the discontinuance of payments was arbitrary and capricious, but was whether the insurance penalty statute had any application at all to a compensation case in which an employee makes claim for penalties. The serious dispute there arose over the question of whether an employee may be considered as an “insured” within the contemplation of that statute, and the Supreme Court, with two Justices dissenting, held that that statute does .apply in compensation cases and entitles the employee as an “insured” to recover the penalties where the facts justify such recovery.
The Supreme Court,' after deciding that question, then, with practically no discussion of the important question with which we are concerned, -said that, since the employee was, to say the least, partialty disabled and was therefore entitled to coim pensation for a period extending beyond the time at which compensation payments had been stopped, the discontinuance of all compensation payments was arbitrary and capricious and, as the Court' said, “indefensible.”
There the evidence showed that the injured employee had sustained “a definite limitation (about 60%) of supination and pronation in the member (the right arm).
The weekly wage of the injured employee .prior to the injury had been $66. During the period of recovery or convalescence he had been paid maximum compensation of $30.00 a week, the total amount of- which, at the time of its discontinuance, was $1320.-00. Thus he had been paid compensation for 44 weeks. ; '
The Court of Appeal had found that if compensation had been awarded on the basis of that partial loss of the use of the right arm, he would have been entitled to $17.51 per week for a period of 300 weeks, which would have amounted to a total of $5,253, so that even on the basis for which the defendants there seem so have been contending Wright would have been entitled to the difference between $1,320, which he had received’, and $5,253.00 to which he would have been entitled for the *42 partial loss of the use of the arm. Thus it seems that the refusal to pay further compensation was, as found by the Supreme Court, arbitrary even under the contention of the defendants.
This is not the case here, for even Dr. Battalora who, although called to the stand for defendants, was relied on by plaintiff, said that plaintiff could go back to work but that his right leg would show a loss of use amounting to about 20%. He did not state that the plaintiff had sustained .general disability of 20% but merely that there would be a 20% loss of use of that 3eg. Thus even under the evaluation of Dr. Battalora, if defendant’s contention had ■been upheld to the effect that there was not general disability but only a partial loss ■of the use of the leg, the plaintiff would have been entitled to compensation under the specific injury subdivision (4) of Sub-part B, part 2 of section 1221 of the compensation statute rather than under any one of the subdivisions (1, 2 or 3) which provide for compensation for disability.
The compensation based on the partial loss of the use of the leg would have amounted to substantially less than the amount which had already been paid to plaintiff for the total disability during the '33 weeks of recovery since the statute, LSA-R.S. 23:1223 provides:
“Where compensation has been paid under subdivisions (1), (2), or (3), of ■R.S. 23:1221, the amount of such payment shall be deducted from any compensation allowed under subdivision (4) thereof or under Sub-part C of this Part.”
This means that if an employee is injured and, during the period of recovery or convalescence, is totally disabled and then, after recovery, is found to have sustained the loss or the partial loss of the use of a member such as an arm or a leg ■or an eye, he is to receive compensation •in accordance with subdivision (4) which provides for compensation for specific loss of a member, but from the compensation to which he would thus be entitled there shall be deducted such “amount” as may have been paid to him during the period of total disability. This section of the statute makes it clear that in such case the credit which is to be allowed to the employer or to the insurer of the employer is to be on a dollar for dollar basis and not on a week for week basis. Note the word “amount” in the section of the statute above quoted. It is the total “amount” which has been paid which is to be deducted from such amount as may be due for the loss of the use of the member. We so held in O’Connor v. American Mutual Liability Ins. Co., La.App., 87 So.2d 16, 25:
“An injured workman cannot recover compensation both for specific loss, such as a partial loss of the function of any member, and for temporary total disability. LSA-R.S. 23:1223 provides that where compensation has been paid under the disability provisions the amount of such payments shall be deducted from any compensation allowed for a specific loss, * *
A calculation easily made shows that, at the time of discontinuance of payments, plaintiff had received as compensation for total disability more than he would have been entitled to even under the evaluation of Dr. Battalora and, therefore, since the defendants were contending that there was no permanent total disability but only the partial loss of the use of the leg, surely there was nothing arbitrary about the refusal of the insurer to pay compensation on the basis of total permanent disability or to make any further payments when it was advised by its attorneys that the facts justified a recovery only on the basis of partial loss of the use of the leg since at that time it had already paid more than the employee would thus have been entitled to.
The fact that it was later held that the advice of its attorneys was incorrect and that compensation should be based on total *43 permanent disability does not make it necessary that it be held that their following of the advice of the attorneys was arbitrary and capricious.
Counsel for plaintiff contend that, even on the basis sought by the insurer, the credit for total disability to which the insurer would be entitled would not be for the amount paid, but only for the number of weeks during which maximum compensation had been paid and that since, according to counsel, the period during which compensation, on the basis of the partial loss of the use of the leg the number of weeks for which compensation would be paid, exceeded the number of weeks, 33, during which full compensation was paid, obviously there remained a number of weeks for which compensation should have been paid. This argument is based on the fact that it is now well established that, where there is disability and an employee is taken back to do work which he is unable to do but is nevertheless paid full wages as a kind of gratuity, the credit which is to be allowed when th.e amount of compensation is finally determined is not to be based on the total amount paid but is only to be for the number of weeks during which such gratuity has been paid. That is the rule in those cases, but the statute expressly and clearly establishes a different rule in situations such as are found here.
Since our original decree was incorrect, but only insofar as the penalty and attorney’s fee are concerned, it is now recalled and annulled and the judgment appealed from is amended so as to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Elmo P. Flanagan, and against the defendants, Louis Welch and Great American Indemnity Company of New York, jointly and in solido, in the full sum of Thirty ($30) Dollars per week, up to the sum of Twelve Thousand ($12,000) Dollars, representing compensation for a period of 400 weeks, subject to a credit of 33 weeks already paid, at the rate of $30 per week.
It is further ordered, adjudged and decreed that there be judgment herein ini favor of the plaintiff, Elmo P. Flanagan,, and against the defendants, Louis Welch and Great American Indemnity Company of New York, in the full sum of Four Hundred and Ten ($410.00) Dollars for medical expenses up to this time, and reserving unto the said plaintiff all of his-rights to recover the balance of medical-expenses which may be due under the law.
It is further ordered, adjudged and decreed that the fee of Dr. Edward Haslam be fixed at the sum of Seventy-five ($75) Dollars and taxed as costs in this proceeding.
It is further ordered, adjudged and decreed that the said defendants, Louis Welch and Great American Indemnity Company of New York, pay legal interest on each payment due from the date of each payment when due, until paid.
In all other respects the judgment appealed from is affirmed, plaintiff to pay costs of appeal, defendants to pay all other costs.
Original decree recalled and annulled amended and affirmed.
Supplemental opinion
PER CURIAM.
When we considered the matter on rehearing we overlooked the fact that when-the matter was argued before us the first time there was an oral stipulation to the effect that the medical expenses amounting, to $410 had been paid. Accordingly, it is-now ordered that there be eliminated from-our decree rendered on February 18th, the paragraph reading as follows:
It is further ordered, adjudged and decreed that there be judgment herein in-favor of the plaintiff, Elmo P. Flanagan* and against the defendants, Louis Welch- and Great American Indemnity Compa *44 ny of New York, in the full sum of Four Hundred and Ten ($410) Dollars for medical expenses up to this time, and reserving unto the said plaintiff all of his rights to recover the balance of medical expenses which may be due under the law.